UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                Plaintiff,

-against-

HONORABLE JUDGE, CURTIS J. FARBER;
CYRUS R. VANCE, JR., District Attorney;
Assistant District Attorney, BRANDON
RIDDLE; Fire Marshal, PHILLIP MEAGER,
Shield # 38; Police Officer, JAMES
MARCINEK, Shield # 20371; Police Officer,
RUFIAN ARSHAD, Shield # 20210, 30th
Precinct, all acting under color of the City of
New York, the State of New York, and under the
United States Federal Government,

                Defendants.

1:20-CV-0990 (LJL)

ORDER OF SERVICE

LEWIS LIMAN, United States District Judge:

      Plaintiff, currently hospitalized in the Mid-Hudson Forensic Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983 seeking damages as well as declaratory and injunctive relief. He sues (1) Justice Curtis J. Farber of the New York Supreme Court, New York County, (2) New York County District Attorney Cyrus R. Vance Jr., (3) New York County Assistant District Attorney Brandon Riddle, (4) New York City Fire Marshal Phillip Meagher (referred to by Plaintiff as "Meager"), (5) New York City Police Officer James Marcinek, and (6) New York City Police Officer Rufian Arshad.[1]

---

[1] Because Plaintiff seems to mention in the complaint the complete dates of birth of other persons (ECF 2-1, at 37), the Court has asked the Clerk of Court to restrict electronic access to the complaint to a "case-participant only" basis, *see* Fed. R. Civ. P. 5.2(a)(2) (court submissions must limit references to a person's date of birth to the birth year).

Plaintiff has filed with his complaint an application for a temporary restraining order and a preliminary injunction ("TRO application"), as well as an application for the appointment of counsel. (ECF 3 & 5.)

By order dated March 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

The Court directs service on Meagher, Marcinek, and Arshad. For the reasons discussed below, the Court (1) dismisses Plaintiff's claims against Farber, Vance, and Riddle, (2) construes Plaintiff's remaining claims for injunctive and declaratory relief in his complaint, and his claims for relief in his TRO application, as claims for *habeas corpus* relief and dismisses them, and denies the TRO application, without prejudice, and (3) denies Plaintiff's application for the appointment of counsel without prejudice.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.      Justice Farber**

Plaintiff's claims under 42 U.S.C. § 1983 against Justice Farber are barred under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge acts outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

3

Plaintiff's claims against Justice Farber arise from Justice Farber's decisions in Plaintiff's pending criminal proceeding in the New York Supreme Court, New York County. This conduct is well within the scope of a judge's duties. Justice Farber is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's §1983 claims against Justice Farber under the doctrine of judicial immunity.[3]

**B.      Vance and Riddle**

In addition, the Court must dismiss Plaintiff's § 1983 claims for damages against New York County District Attorney Cyrus R. Vance Jr. and New York County Assistant District Attorney Brandon Riddle arising from their prosecutorial actions against Plaintiff. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be

---

[3] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive and declaratory relief against Justice Farber. This is so because he can appeal Justice Farber's decisions in the state appellate courts. *See generally Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 22, 2018).

administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against these defendants arise from their prosecution of him. The Court therefore dismisses Plaintiff's § 1983 claims for damages against these defendants under the doctrine of prosecutorial immunity.

**C.     Remaining claims for relief**

In addition to claims for damages, Plaintiff asserts, in both his complaint and TRO application, claims for injunctive and declaratory relief in which he challenges his pending criminal prosecution in the New York Supreme Court, New York County, and seeks his release from custody. The proper federal vehicle to challenge Plaintiff's prosecution and seek his release, however, is not action brought under § 1983, but rather a petition for a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking § 2241 *habeas corpus* relief, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294

5

(2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq*.

The Court construes Plaintiff's claims for injunctive and declaratory relief in his complaint and in his TRO application as claims for *habeas corpus* relief under § 2241. But Plaintiff has failed to allege any facts showing that he has exhausted his available state-court remedies before bringing this action. The Court therefore dismisses Plaintiff's claims for injunctive and declaratory relief, and denies his TRO application, without prejudice to Plaintiff's filing a petition for writ of *habeas corpus* under § 2241 after he has exhausted his available state-court remedies.[4]

**D.      Application for the appointment of counsel**

The factors to be considered in ruling on an indigent plaintiff's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the appointment of counsel (ECF 5) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

### E. Service on Meagher, Marcinek, and Arshad

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Meagher, Marcinek, and Arshad until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Meagher, Marcinek, and Arshad until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on Meagher, Marcinek, and Arshad within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682

F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Meagher, Marcinek, and Arshad through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for Meagher, Marcinek, and Arshad, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

**CONCLUSION**

The Court's Chambers will mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Justice Curtis J. Farber, Cyrus R. Vance Jr., and Brandon Riddle. 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court also dismisses Plaintiff's remaining claims for injunctive and declaratory relief in his complaint, and denies his application for a temporary restraining order and a preliminary injunction (ECF 3), without prejudice to Plaintiff's filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 after Plaintiff has exhausted his available state-court remedies.

The Court further denies Plaintiff's application for the appointment of counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. (ECF 5.)

The Court additionally directs the Clerk of Court to issue summonses for Defendants Phillip Meagher (referred to by Plaintiff as "Meager"), James Marcinek, and Rufian Arshad; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 3/30/2020
New York, New York

_____
LEWIS LIMAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Phillip Meagher, Shield No. 38
   Fire Marshal
   FDNY Bureau of Fire Investigations
   9 MetroTech Center, 8th Floor
   Brooklyn, New York 11201-3857

2. James Marcinek, Shield No. 20371
   Police Officer
   30th Precinct
   451 West 151st Street
   New York, New York 10031

3. Rufian Arshad, Shield No. 20210
   Police Officer
   30th Precinct
   451 West 151st Street
   New York, New York 10031